IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BATTISTA GERITANO          :
                           :     No. 4:08-CV-811
          Petitioner,      :
                           :     (District Judge John E. Jones III)
     v.                    :
                           :     (Magistrate Judge Smyser)
TROY WILLIAMSON,           :
                           :
          Respondent.      :

## MEMORANDUM

### May 7, 2009

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This matter is before the Court on the report of Magistrate Judge J. Andrew

Smyser (Rec. Doc. 8) which recommends that the petition of Battista Geritano

("Petitioner" or "Geritano"), for writ of habeas corpus pursuant to 28 U.S.C. §

2241 be transferred to the proper jurisdiction. Geritano filed objections to the

report (Rec. Doc. 9), but the Respondents have not filed any documentation in

opposition to these objections. Nonetheless, the issue is ripe for disposition. For

the reasons set forth below, the Court will adopt the Magistrate Judge's

recommendation and deny the petition.

## I.    STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## II.   **STATEMENT OF FACTS**

Petitioner Geritano is currently serving a sentence of seventy-one months pursuant to a conviction in the United States District Court for the Eastern District of New York for Conspiracy to Commit Racketeering, in violation of 18 U.S.C. §§ 1962(c)(d), 1963(a) and Conspiracy to Commit Bank Burglary, in violation of 18 U.S.C. § 371. Petitioner was committed to the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewsiburg") on January 26, 2006. On June 4, 2007, Geritano was transferred from USP-Lewisburg to the United States Penitentiary in Atlanta, Georgia ("USP-Atlanta") on holdover status pending

designation to another facility. On June 21, 2007, Geritano was designated to the Federal Correction Complex in Coleman, Florida ("FCC- Coleman") and has remained at this institution.

The instant § 2241 petition, filed on May 1, 2008, is based upon Petitioner's contention that the Bureau of Prisons has inappropriately refused to credit his sentence with the time he spent in custody prior to his sentencing. (Rec. Doc. 1).

On July 10, 2008, Magistrate Judge Smyser entered a report and recommendation ("R&R") advising that Geritano's petition be transferred to the Middle District of Florida. (Rec. Doc 1). This determination was based on the fact that Geritano was confined at FCC-Coleman at the time he filed his habeas petition, and that "[for] habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

Petitioner filed two objections to the R&R: (I) Petitioner asserts that Rumsfeld can be distinguished from his case based on the facts therein; and (II) Petitioner asserts that his transfer should not extinguish the efforts to exhaust his administrative remedies, which were undertaken at USP-Lewisburg. We address these contentions *seriatim*.

## III.  DISCUSSION

3

While no two cases will ever be exactly identical on their facts, a thorough review of Rumsfeld leads us to conclude that the factual underpinning thereof is substantially similar to the instant case such that the dictates of Rumsfeld are precedential for the matter *sub judice*. Accordingly, we overrule Petitioner's first objection.

With regard to Petitioner's second objection, he argues that he initiated his administrative remedies at USP-Lewisburg and that his transfer to FCC-Coleman should not negate his attempts to exhaust his administrative remedies while confined at USP-Lewisburg. In support of this contention, he hypothesizes that if transfers in custody were permitted to extinguish prisoners' attempts to exhaust administrative remedies, the Bureau of Prisons could effectively prevent the successful filing of any habeas petition by transferring the prisoner before his administrative remedies were exhausted. Consequently, Petitioner implies that this would exenterate the writ of habeas corpus.

While we can perceive the inherent appeal of Petitioner's second argument, it is completely irrelevant to the issue before us. We are not tasked with determining whether Petitioner's attempt to exhaust administrative remedies while confined at USP-Lewisburg should be extinguished upon his transfer from that facility; rather, we are called upon to determine whether the instant habeas petition

is properly filed in this Court. We believe that <u>Rumsfeld</u> is apposite in resolving

that issue. Regardless of whether the application of <u>Rumsfeld</u> to the case *sub*

*judice* would extinguish Petitioner's attempts to exhaust his administrative

remedies while confined at USP-Lewisburg, the principle of *stare decisis* compels

us to apply the dictates of the former to issues presented in the latter. Accordingly,

for the reasons recounted in the R&R, we conclude that the Middle District of

Florida, not the Middle District of Pennsylvania, is the proper jurisdiction for the

instant habeas petition. Therefore, we will adopt the R&R of Magistrate Judge

Smyser in its entirety. An appropriate Order will enter.